# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MID-ATLANTIC SAN DIEGO LLC<br>1 Cargo Court, S.W.<br>Washington, D.C. 20032<br><br>*Plaintiff,*<br><br>v.<br><br>DANIEL SHEPHERD,<br>3 Armor Court, S.W.<br>Washington, D.C. 20032<br><br>ANY AND ALL OCCUPANTS<br>3 Armor Court, S.W.<br>Washington, D.C. 20032<br><br>*Defendants.* | Civil Action No.: |

## COMPLAINT FOR EVICTION FROM FEDERAL PROPERTY

Comes now Plaintiff, Mid-Atlantic San Diego LLC ("Plaintiff" or "Landlord"), through the undersigned counsel, and forwards complaint against Defendants Daniel Shepherd ("Shepherd") and Any and All Occupants ("Occupants", collectively with Shepherd, the "Defendants" or "Tenants"), avers as follows.

## PARTIES AND JURISDICTION

1. Plaintiff is a Delaware limited liability company that is authorized to do business in the District of Columbia and is in good standing.

2. Plaintiff owns certain residential property located at the Joint Base Anacostia-Bolling known as Bellevue ("Property") pursuant to the Department of Defense Military Housing Privatization Initiative (10 U.S.C. 2871, *et seq.*).

3. Phase V SDFH Mid-Atlantic PM LLC is Plaintiff's property management company and agent for the Property.

4.     Phase V SDFH Mid-Atlantic PM LLC is a Delaware limited liability company that is authorized to do business in the District of Columbia and is in good standing.

5.     Defendant Shepherd is an active duty member of the United States Armed Forces who currently resides at 3 Armor Court, S.W., Washington, D.C. 20032.

6.     Defendant Occupants include all persons, with the exception of Defendant Shepherd, who currently reside at 3 Armor Court, S.W., Washington, D.C. 20032.

7.     Subject matter jurisdiction in this action is proper under 28 U.S.C. Section 1331. The lease agreement at issue in this case involves a housing unit located on the Joint Base Anacostia-Bolling, a military installation under exclusive federal legislative jurisdiction.

8.     Venue in this action is proper in the United States District Court for the District of Columbia under 28 U.S.C. Section 1391 (b). Defendants reside in the District of Columbia and the lease agreement at issue in this case involves a housing unit located within the District of Columbia.

## FACTS

9.     Landlord, as landlord, and Tenants, as tenants, entered into a written Lease Agreement dated November 28, 2012 as amended from time to time (collectively, the "Lease") for 3 Armor Court, S.W., Washington, D.C. 20032 (the "Premises"), which Premises is located at the Property.

10.    A true, accurate, and complete copy of the Lease is attached hereto as **Exhibit 1** and is incorporated by reference herein.

11.     Tenants have been in continuous tenancy the Premises since November 28, 2012 when Tenants first moved to the Property.

12.     The Lease (and Tenants' tenancy) is subject to the Department of Defense Military Housing Privatization Initiative (10 U.S.C. 2871, *et seq.*) and the laws of the District of Columbia.

13.     The original term of the Lease commenced on November 28, 2012 and expired on May 28, 2013 (the "Lease Term"). Exhibit 1 at Page 1 and Page 2, § 3.

14.     The Lease provides that at the expiration of the original Lease Term, that the Lease Term shall automatically convert to a month-to-month tenancy. Exhibit 1 at Page 2, § 3.

15.     Pursuant to the terms of the Lease, Tenants are required to make monthly installment payments of $2,193.00 ("Rent"). Exhibit 1 at Page 2, § 4.

16.     The Lease provides that the Rent shall be payable by Tenants to Landlord in arrears in monthly installments on the last day of each month. Exhibit 1 at Page 2, § 4.

17.     Pursuant to the Lease, if any installment of Rent due from Tenants is not received by Landlord or postmarked by the fifth (5th) calendar day after the date due, Tenants shall pay to Landlord a late charge for such monthly installment in the amount of $25.00. Exhibit 1 at Page 1 and Page 4, § 6.

18. The Lease provides that if Tenants breach the Lease, Landlord will be allowed, at Landlord's discretion, but not by way of limitation, to exercise any or all remedies provided under law. Exhibit 1 at Page 6, § 20.

19. The Lease further provides that Landlord shall be entitled to terminate the Lease in accordance with applicable law if Tenants are in default under any of the covenants, terms, or conditions of the Lease. Exhibit 1 at Page 8, § 27.

20. The Lease provides that any notice from Landlord to Tenants will be valid if such notice is in writing, addressed to Tenants at the Premises, and is personally delivered or sent by mail to the Premises. Exhibit 1 at Page 10, § 35a.

21. Pursuant to the Lease, if any legal action or proceeding is brought by either party to enforce any part of the Lease, the prevailing party will recover, in addition to all other relief, reasonable attorneys' fees and court costs. Exhibit 1 at Page 9, § 30.

## BREACH OF LEASE

22. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 21 of this Complaint.

23. There came a time in when Tenants failed to pay Rent, in full, as and when due as required by the Lease.

24. By a Notice of Default/ 30-Day Notice to Cure or Vacate/ Reservation of Rights letter dated June 27, 2013 ("Notice of Default"), Landlord, by and through

counsel, notified Tenants of their failure to pay $13,071.00 in Rent through the date of the Notice of Default.

25. A true, accurate, and complete copy of the Notice of Default is attached hereto as **Exhibit 2** and incorporated by reference herein.

26. The Notice of Default was sent to Tenants via first class and certified mail, return receipt requested. See Exhibit 2.

27. The Notice of Default was sent to Tenants at the Premises. See Exhibit 2.

28. The Notice of Default was also posted on the Premises on June 28, 2013 at 11:45 a.m. See Exhibit 2.

29. The Notice of Default was sent to Tenants via a method that is expressly allowed under the terms of the Lease and the law.

30. Tenants received the Notice of Default. See Exhibit 2.

31. Notwithstanding Tenants' receipt of the Notice of Default, Tenants failed to pay the amounts due and owing as stated in the Notice of Default within thirty (30) days, or at all.

32. Notwithstanding Tenants' receipt of the Notice of Default, Tenants are still in possession of the Premises.

33. Tenants' failure to either vacate the Premises or pay the sums demanded by Landlord in its Notice of Default constitutes a default under the Lease.

34. Landlord maintains a detailed resident ledger ("Statement of Account") with respect to the Lease and the sums owed by Tenants thereunder.

35. A true, accurate, and complete copy of Landlord's Statement of Account covering the entire Lease Term through the date of filing of this Complaint is attached hereto as **Exhibit 3** and incorporated by reference herein.

36. Exhibit 3 accurately lists all Rent that accrued under the Lease from November 28, 2012 through the date of filing of this Complaint.

37. Exhibit 3 accurately lists all Rent and other charges posted to Tenants' account under the Lease from November 28, 2012 through the date of filing of this Complaint.

38. Exhibit 3 accurately lists all payments made by or on Tenants' behalf under the Lease from November 28, 2012 through the date of filing of this Complaint.

39. Exhibit 3 accurately reflects that the only payment tendered by or on Tenants' behalf was via Tenants' check #105277065146 (totaling $210.60), which was remitted to Landlord on or about December 4, 2012.

40. Exhibit 3 accurately reflects no other payments have been remitted to Landlord by or on Tenants' behalf from December 5, 2012 through the date of filing of this Complaint.

41. Exhibit 3 accurately reflects that Tenants have not remitted any payments towards Rent due under the Lease since receiving the Notice of Default.

## CAUSE OF ACTION

## FAILURE TO PAY RENT/ UNLAWFUL POSSESSION

42.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 41 of this Complaint.

43.     The total amount of Rent due and owing by Defendants under the Lease through July 31, 2013 is $17,457.00.

44.     Plaintiff has been and continues to be damaged by Defendants' failure to pay the Rent through the date of filing of this Complaint.

45.     By virtue of the Lease, Notice of Default, and the law, Defendants are in default of the Lease and are no longer entitled to possession of the Premises.

46.     Rent and other sums due and owing under the Lease will accrue through Defendants' continued possession of the Premises, and Plaintiff reserves the right to amend this Complaint due to the passage of time and accrual of additional charges as of the trial date.  Plaintiff reserves the right to present to the Court at any time or during any proceeding a complete and updated statement of account (showing any Rent that will accrue between the date of filing of this Complaint and the trial date herein).

47.     Plaintiff is entitled to an Order from this Court granting a Money Judgment in favor of Plaintiff and against Defendants, jointly and severally, for a minimum of $17,457.00 plus all Rent due and owing under the Lease through the date of judgment with full reservation of all rights for Plaintiff to seek additional, subsequent,

and/or concurrent legal action(s) to recover Rent and attorneys' fees accruing under the Lease after the date of entry of judgment herein.

48.    Plaintiff is entitled to a judgment for immediate possession of the Premises, and an instruction to the Office of the United States Marshall to evict Defendants from possession of the Premises to enforce the judgment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mid-Atlantic San Diego LLC, requests that this Court:

A.    Enter a judgment in favor of Plaintiff for immediate possession of the Premises, and direct the Office of the United States Marshall to enforce the same by evicting Defendants from the Premises; and

B.    Enter a money judgment for Plaintiff against Defendant for a minimum of $17,457.00 plus all Rent due under the Lease through the date of judgment with full reservation of all rights for Plaintiff to seek additional, subsequent, and/or concurrent legal action(s) to recover Rent accruing under the Lease after the date of entry of judgment herein; and

C.    Award Plaintiff its attorneys' fees and court costs incurred herein;

D.    Award Plaintiff its reasonable attorneys' fees and costs as provided under the Lease Agreement; and

E.    Order such other and further relief as the Court deems necessary to serve the ends of justice.

Respectfully Submitted,

        MID-ATLANTIC SAN DIEGO LLC

        By Counsel

        MAGRUDER, COOK
        & KOUTSOUFTIKIS

        /s/ Leon Koutsouftikis

        Leon Koutsouftikis, Esq.   # 468261
        Anne Magruder, Esq.     # 265041
        1889 Preston White Drive
        Suite 200
        Reston, VA 20191
        (703) 766-4400
        (571) 313-8967 (Fax)